# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LOUIS ANN GIBSON, ET AL., | * |
| *Plaintiffs*, | * |
| v. | * |
| | No. 1:22-cv-01642-GLR |
| FREDERICK COUNTY MARYLAND, ET AL., | * |
| *Defendants*. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

BRIAN E. FROSH
Attorney General of Maryland

/s/ Daniel M. Kobrin
_____
DANIEL M. KOBRIN
Federal Bar No. 30392
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland  21202
dkobrin@oag.state.md.us
(410) 576-6472
(410) 576-6955 (facsimile)

September 19, 2022                              Attorneys for Appellee

## INTRODUCTION

Federal Law requires every "officer of election" to retain and preserve federal elections records for a period of 22 months following an election. 52 U.S.C. § 20701. For the presidential election held on Tuesday, November 3, 2020, that 22-month period concluded on September 3, 2022. Louis Ann Gibson seeks injunctive relief ordering Maryland election officials to continue preserving the 2020 presidential election records past the September 3, 2022, deadline. In support of the claim for injunctive relief, Ms. Gibson alleges that 22 jurisdictions in Maryland along with a non-profit organization in Chicago engaged in a RICO conspiracy to defraud the 2020 election. Ms. Gibson's claim, however, must fail as a matter of law.

## STATEMENT OF FACTS

**Civil Remedies in the Racketeer Influenced and Corrupt Organization Act**

The Racketeer Influenced and Corrupt Organization Act, codified at 18 U.S.C. §§ 1961 – 1968, makes it unlawful to engage in a "pattern of racketeering activity" in order to control an enterprise, conduct the affairs an enterprise, derive income from an enterprise, or conspire thereto. 18 U.S.C. § 1962(a)–(d). The law defines "racketeering activity" broadly, specifying 77 separate crimes that qualify for the distinction. 18 U.S.C. § 1961(1). The law further defines a "pattern of racketeering activity" as at least two instances of an enumerated crime occurring within 10 years of one another. 18 U.S.C. 1961(5). A criminal violation of RICO is punishable by up to 20 years imprisonment (or

life if the underlying racketeering activity is punishable by life imprisonment).  18 U.S.C. § 1963(a).

Alongside its criminal law prohibition, RICO provides a private cause of action for "[a]ny person injured in his business or property by reason of a violation" of the law. 18 U.S.C. § 1964(c).  A RICO plaintiff may sue to recover treble damages and "reasonable attorney's fees" for pecuniary injuries suffered as a result of a pattern of racketeering activity. *Id.*  The Attorney General of the Unite States is further authorized to institute a civil proceeding, in which a court may enter "restraining orders or prohibitions."  18 U.S.C. §1964(b).  No such injunctive remedies are authorized in the private cause of action.

**Allegations in the Complaint**

Ms. Gibson accuses 21 Maryland counties and Baltimore City of receiving cash grants from the Center for Tech and Civic Life (CTCL), a Chicago non-profit organization, for the purpose of fraudulently impacting the results of the 2020 presidential election. ECF 1 at ¶ 5.  The parties accomplished this scheme by executing individual contracts with CTCL purporting to memorialize grants made from CTCL to the individual jurisdictions for "election aid". ECF 1 at p. 9-10.  The jurisdictions then used the money for fraudulent purposes, paying "ballot mules" to deposit fraudulent mail-in ballots into designated drop boxes around the state. ECF 1 at p. 9-10, 31.

In support of these allegations, Ms. Gibson submits as evidence an affidavit detailing her personal observations of mail-in ballots being deposited into a drop box on election day in 2020. ECF 1-2.  Ms. Gibson also submits the affidavit of a former

Maryland resident, detailing an instance of potential identity theft, ECF 1-3, in support of the assertion that fraudulent mail-in ballots are "generated" through identity theft, ECF 1 at p. 16-17.  Two separate documents alleged to be executed contracts between counties in Maryland and CTCL are submitted as proof of the conspiratorial relationship between those parties.  ECF 1-4.  And the reproduction of a spreadsheet, purporting to be documentation of fraudulent payments matching a CTCL grant, ECF 1-4, is held up alongside a self-generated memorandum, ECF 1-1, as proof that all money from CTCL was disbursed by all participating counties for fraudulent purposes, ECF 1 at p. 11-12, 29-30, ¶ 55.  Ms. Gibson further offers the opinion of an expert whose mathematical analysis purports to prove the existence of a nationwide voter fraud effort, of which this Maryland conspiracy is a part. ECF 9 at p. 3.

Ms. Gibson styles the entire scheme a "RICO enterprise," accusing CTCL and the 22 Maryland jurisdictions of engaging in a RICO conspiracy to commit election fraud. ECF 1 at p. v, 25-26, ¶¶ 25-32, ¶ 83.  CTCL is accused of committing tax fraud within the ambit of the conspiracy, ECF 1 at ¶ 33; ECF 9 at ¶ 12, ¶ 43, ¶ 53, but the purpose of the RICO conspiracy remained election fraud, ECF 1 at ¶ 41.

As a result, Ms. Gibson seeks the opportunity to conduct further investigation into the activities of the 22 counties and the conduct of the 2020 presidential election. ECF 1 at p. 18, 30, 34, ¶ 34.  It is her stated intent to be able to prove fully the existence of a RICO conspiracy to commit election fraud on a nationwide scale. ECF 1 at p. 18, 30.  To that end, she requests relief in the form of a preliminary injunction preventing the

destruction of election records from the 2020 presidential election beyond September 3, 2022. ECF 1 at p. 30, 34; ECF 9 at p. 5, ¶ 81.

## ARGUMENT

### I. STANDARD FOR DISMISSAL PURSUANT TO RULE 12(B)(6)

A motion to dismiss tests the sufficiency of the complaint placed before the court. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The complaint must contain "sufficient factual matter" to present a "plausible" claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Judging the plausibility of a claim requires a court to draw on "its judicial experience and common sense." *Id*. at 679. To reach plausibility, the complaint must plead facts that allow a court to infer "more than the mere possibility of misconduct." *Id.*

Factual allegations are construed in the light most favorable to the plaintiff. *Chambers v. King Buick GMC, LLC*, 43 F.Supp.3d 575, 586 (D. Md. 2014). However, only "well-pleaded" allegations must be considered true. *Id*. Legal conclusions disguised as factual allegations may be rejected. *Iqbal*, 556 U.S. at 678. And conclusory factual allegations "devoid of any reference to actual events" may also be discounted. *Chambers,* 43 F.Supp.3d at 586 (citing *United Black Firefighters v. Hirst*, 604 F.2d 844 (4th Cir. 1979).

Ultimately, the factual allegations in the complaint must be sufficient to "raise a right of relief above the speculative level." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. (2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007)). The

pleaded claim must therefore stand as more than "conceivable," it must be "plausible." *Walters*, 684 F.3d at 439. A plaintiff meets this threshold by alleging sufficient facts to meet every element of the pleaded claim. *Id*.

## II. MS. GIBSON CANNOT OBTAIN THE RELIEF SHE REQUESTS AS A MATTER OF LAW

As an initial matter, Ms. Gibson requests relief to which she is not legally entitled. Ms. Gibson has pleaded a civil RICO cause of action as authorized by 18 U.S.C. §1964(c). ECF 1 at p. v, 25-26, ¶¶ 25-32, ¶ 83. To remedy that claimed violation Ms. Gibson requests prospective injunctive relief, in the form of a preliminary injunction, to preserve certain election records. ECF 1 at p. 30, 34; ECF 9 at p. 5, ¶ 81. Injunctive relief, however, is not available as a remedy for violations of RICO.

The United States Court of Appeals for the Fourth Circuit in *Hengle v. Treppa*, directly confronted the question of whether RICO grants private plaintiffs "a right to injunctive relief." 19 F.4th 324, 353 (2021). After surveying the language of 18 U.S.C. § 1964 and its legislative history, the *Hengle* Court held that, "[§] 1964 does not authorize private RICO plaintiffs to sue for prospective injunctive relief." *Id.* at 356. A private plaintiff may only seek monetary damages in a suit brought under § 1964(c).

Ms. Gibson's requested remedy is not available to her in the suit that she has pleaded. Ms. Gibson therefore fails to state a claim upon which her relief can be granted, warranting dismissal. Fed. R. Civ. P. 12(b)(6).

### III. THE COMPLAINT FAILS TO ALLEGE THE ELEMENTS OF A RICO VIOLATION

Ms. Gibson's sole claim in the complaint alleges that 22 Maryland jurisdictions engaged in a RICO conspiracy with CTCL to defraud the 2020 presidential election. She fails, however, to outline the legal contours of a RICO claim and how her allegations fit within that claim. RICO is not simply a label, as Ms. Gibson uses it, but a civil claim requiring proof of complex elements. 18 U.S.C. §§ 1962 & 1964(c)(3); *Sedima SPRL v. Imrex Co.*, 473 U.S. 479, 496 (1985). Ms. Gibson fails entirely to provide any plausible factual allegations to meet those elements.

A civil RICO claim differs vastly from other civil claims of wrongdoing. RICO "is a unique cause of action that is concerned with eradicating *organized, long-term, habitual* criminal activity." *U.S. Airlines Pilot Ass'n v. Awappa, LLC*, 615 F.3d 212, 317 (2010) (quotation omitted) (emphasis added). Courts must exercise caution in handling RICO allegations to avoid "threaten[ing] the ordinary run of commercial transactions" and preempting "the multiple state and federal laws bearing on transactions." *Id.* (quoting *Menasco, Inc. v. Wasserman*, 886 F.2d 681, 683 (4th Cir. 1989)).

To state a civil RICO claim, a plaintiff must sufficiently allege five elements: 1) conduct; 2) of an enterprise; 3) through a pattern; 4) of racketeering activity; 5) that caused injury to business or property interests. *Sedima SPRL v. Imrex Co.*, 473 U.S. 479, 496 (1985). All but the first element are complex legal concepts, requiring nuanced and detailed allegations to be sufficiently pleaded. *See Chambers*, 43 F.Supp.3d at 588-605

6

(discussing in detail the doctrinal requirements behind the elements of a civil RICO claim).

The enterprise element requires proof of both a "person" and an "enterprise" that are separate and distinct from one another. *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001). The RICO "person" must be the entity alleged to have committed the statutory violation and is thus liable to the plaintiff. *Chambers*, 43 F.Supp.3d at 588; *see also* 18 U.S.C. § 1961(3). The RICO "enterprise" is the broader associative organization through which the "person" acted to violate the law. *Id.* The existence of an enterprise must be proved by evidence of 1) an ongoing organization; 2) containing associates that function as a unit; and, 3) exists "separate and apart from the pattern of activity in which it engages." *Proctor v. Metro. Money Store Corp.*, 645 F.Supp.2d 464, 477-78 (D. Md. 2009).

The pattern element requires at least two predicate acts, 18 U.S.C. § 1961(5), and a showing of continuity between and beyond them. *H.J. Inc. v Northwestern Bell Telephone Co.*, 492 U.S. 229, 239 (1989). The pattern element enforces the legislative intent to apply RICO only to those "ongoing unlawful activities whose scope and persistence pose a special threat to social well-being." *Awappa*, 615 F.3d at 318 (quotation omitted). Continuity, therefore, must be shown as a series of related predicate acts extended over a *substantial* period (closed-ended continuity) or as discreet instances of past conduct that, by their nature, will extend into the future through continuous repetition (open-ended continuity). *H.J. Inc.*, 492 U.S. 241-42. The latter, open-ended

7

continuity can never be proved if the unlawful predicate acts have a "built-in ending point" or cognizable goal.  *Awappa*, 615 F.3d at 318 (quotation omitted).

The racketeering activity element requires a showing that the defendant engaged in one of the crimes enumerated in 18 U.S.C. § 1961(1).  And the injury element requires proof that the unlawful predicate acts proximately caused injury to the plaintiff's business or property interests.  *Holmes*, *v. Sec. Investor Protection Corp.*, 503 U.S. 258, 268 (1992).

Ms. Gibson has failed to allege plausible facts sufficient to meet any of these elements.  The complaint makes no showing whatsoever of an enterprise amongst the 22 jurisdictions and CTCL, separate from the activity in which they are alleged to have engaged.  The complaint does not address continuity whatsoever, alleging no facts in support of an open-ended or close-ended pattern of activity.  In fact, continuity is disproven in the complaint, as Ms. Gibson alleges that the defendants' acted with a cognizable goal in mind (precluding open-ended continuity) and acted only during the 2020 election season (negating the substantial period requirement for closed-ended continuity).

The complaint further fails to allege racketeering activity, as that term is expressly defined in the United States Code.  Ms. Gibson accuses the defendants of committing election fraud and, tangentially, tax fraud.  Neither of those acts are one of the 77 predicate crimes that constitute "racketeering activity" for purposes of a civil RICO claim.  18 U.S.C. 1961(1).

And finally, the complaint fails to allege any cognizable injury. The statute itself restricts the recovery of damages for injury in "business or property." 18 U.S.C. 1964(c). Neither Ms. Gibson nor any of the named plaintiffs allege any injury to any interest in business or property. The complaint claims broader injury to the principles of democracy and republican government, but such injury is far too remote to satisfy the proximate cause requirements attendant to RICO damages. *See Holmes*, 503 U.S. at 268 (defining the requisite proximate cause to require "some direct relation between the injury asserted and the injurious conduct alleged").

Ms. Gibson has thus failed to state a civil RICO claim in her complaint upon which any relief can be granted.

## CONCLUSION

The motion to dismiss should be granted.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

/s/ Daniel M. Kobrin

_____
DANIEL M. KOBRIN
Federal Bar No. 30392
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland  21202
dkobrin@oag.state.md.us
(410) 576-6472
(410) 576-6955 (facsimile)

September 19, 2022                                            Attorneys for Appellee