**IN THE**
**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

LOIS ANN GIBSON, ET AL., *

*Plaintiffs*, *

v. *

No. 1:22-cv-01642-SAG

FREDERICK COUNTY MARYLAND, ET AL., *

*Defendants*. *

* * * * * * * * * * * *

**OPPOSITION TO PLAINTIFF'S THIRD REQUEST FOR A TEMPORARY RESTRAINING ORDER**

Four hours after the polls closed on the general election day in Maryland, Lois Gibson, plaintiff, requested of this Court injunctive relief enjoining "any state agency from declaring a winner to any election" conducted on November 8, 2022. ECF 37 at ¶ II.A. The basis for the request stemmed from Ms. Gibson's belief that the voting system in Maryland remained unreliable because it failed to tether a voter's identity to the ballot they had cast. ECF 37 at I.B–F. Ms. Gibson therefore seeks to freeze all canvassing efforts, nationwide, "until such time as the election process verification, 'assumed to be in the demonstrated presence of a RICO fraud,' in any applicable State, is concluded." ECF 37 at II.A.

This Court must reject the request for injunctive relief. Ms. Gibson's unsworn assertions are without basis and fail to show, in any way, how irreparable harm with inure

to her (or any named plaintiff) before she succeeds on the merits of her complaint. She has also made this injunctive request, her third in this case, at a time that implicates both the doctrine of laches and the *Purcell* doctrine. Put plainly, Ms. Gibson has shoehorned a collateral attack on the 2022 election into her complaint regarding the 2020 presidential election. The pending request for a temporary restraining order and/or preliminary injunction should not be countenanced by this Court.

## I. MS. GIBSON FAILS TO SATISFY ANY OF THE REQUIREMENTS TO OBTAIN EITHER MODE OF INJUNCTIVE RELIEF SHE HAS REQUESTED.

Ms. Gibson requests of this Court a temporary restraining order to immediately cease any formal certification of winners from the 2022 gubernatorial election held on November 8, 2022. Ms. Gibson has failed, however, to provide "specific facts in an affidavit or a verified complaint" that "clearly show" how immediate and irreparable loss will occur before any adverse party can be heard in opposition. Fed. R. Civ. Pro 65(b)(1)(A). No affidavit was attached to her request and no verifiable facts were included in her motion. And Ms. Gibson has failed altogether to show how certification of election winners will injure her or any of the plaintiffs named in the complaint in any way. Accordingly, Ms. Gibson cannot obtain a temporary restraining order.

She further requests a preliminary injunction enjoining the same. A preliminary injunction, though, is an "extraordinary remedy never awarded as of right." *St. Michael's Media, Inc. v. Mayor and City Council of Baltimore*, 556 F.Supp.3d 327, 350 (D. Md. 2021) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). This Court only grants preliminary injunctions "sparingly and in limited circumstances." *Micro*

*Strategy Inc. v. Motorola*, 245 F.3d 335,339 (4th Cir. 2001). A plaintiff must therefore make a "clear showing" of entitlement to such relief. *Winter*, 555 U.S. at 22.

A plaintiff bears the burden of satisfying four distinct requirements to obtain a preliminary injunction. First, the plaintiff must "establish [she] is likely to succeed on the merits" of the overall complaint. *St. Michael's Media*, 566 F.Supp.3d at 351 (quoting *Winters*, 555 U.S. at 20). Next, the plaintiff must prove "[she] is likely to suffer irreparable harm in the absence of preliminary relief." *Id*. Third, the plaintiff must show that the balance of the equities "tips in [her] favor"; and fourth, the plaintiff must clearly show that that an injunction is in the public interest. *Id* (quoting *Benisek v. Lamone*, 138 S. Ct. 1942, 1943-44 (2018) (per curiam)).

Ms. Gibson has failed to satisfy any of the four required elements. First, she cannot succeed on the merits of her complaint. Without restating in full the motions to dismiss filed by the State Board of Elections, State Prosecutor, and co-defendant counties, *see* ECF 14, 18, 21, 23, 25, 26, 29, 31 and 34, Ms. Gibson has failed to plead a cause of action for which relief in this case can be granted. She alleges a RICO conspiracy without a cognizable factual basis. She pleads a civil RICO cause of action without mentioning, much less sufficiently pleading, any of the component legal elements of a RICO claim. And she requests injunctive relief for her RICO claim when such relief is not permitted, by law, for that cause of action. *See Hengle v. Treppa*, 16 F.4th 324, 353 (2021). Ms. Gibson's complaint, as a matter of law, faces dismissal, not success on the merits.

Second, Ms. Gibson's request for injunctive relief fails to address how she is harmed by the certification of 2022 election winners. She is not a candidate. It is not clear whether

she even voted in the 2022 election. And Maryland law permits her, or any registered voter, to file suit challenging the outcome of an election if an outcome-determinative violation of election law is uncovered before or after an election is run. *See* Md. Code Ann. (LexisNexis 2017), Election Law Article, § 12-202(a). It would seem that Ms. Gibson takes issue with the candidates declared winners by the media during the evening hours after the polls closed on November 8, 2022. *See* ECF 37 at I.A.[1] Being upset with the outcome of an election, however, is not a cognizable injury that can be addressed by this Court, much less a preliminary injunction.

Third, the balance of equities does not favor granting Ms. Gibson's request for injunctive relief. Ms. Gibson filed her original complaint on July 5, 2022 and filed her amended complaint on August 20, 2022. She waited until midnight on November 9, 2022, after polls closed in Maryland four hours earlier, to file the present request for a preliminary injunction. Nothing in Ms. Gibson's current injunctive request, other than the perceived outcome of the election, took place or accrued between August 20 and November 8. The urgency of Ms. Gibson's purported need for injunctive relief was entirely self-created and could have been avoided had she plead it in her original complaint. That Ms. Gibson waited four months after initiating this case and four hours after polls had closed in Maryland warrants denial of her request under both the doctrine of laches, *see Voters Organized for the Integrity of Elections v. Baltimore City Elections Board*, 214 F.Supp.3d 448, 454-55

[1] Plaintiff's Counsel, Walter T. Charlton, is currently listed as the Treasurer for the "Dan Cox for Governor" candidate committee on the campaign's public website. *See* Homepage, Cox for Governor at https://www.coxforfreedom.com/ (last accessed Nov. 10, 2022).

(D. Md. 2016), and the *Purcell* doctrine governing injunctive relief in election law cases, *see Benisek*, 138 S. Ct. at 1944-45 (citing *Purcell v. Gonzalez*, 549 U.S. 1, 2-5) (2006) (per curiam)).

Finally, the public interest favors denying Ms. Gibson's request for a preliminary injunction. On December 5, 2022, certain county-level offices are mandated to begin their term of office. *See e.g.*, Montgomery County Code, Part I, art. I, § 105 & art. II, § 202 (mandating the term of office for Members of the Montgomery County Council and County Executive begin at noon on the first Monday in December). Congress is mandated to convene on January 3, 2023. *See* U.S. Const., amend. XX, § 2. And Maryland's new Governor will begin his term on January 16, 2023. *See* Const. of Md. Art II, § 3. If Ms. Gibson's request is granted, new officeholders would not be allowed to assume the office to which they had been elected. Maryland would be forced to leave vacant, among others, the offices of governor, attorney general, comptroller, and representative to the United States House of Representatives (for all eight newly drawn congressional districts). There is no public interest served in vacating the near entirety of Maryland's representative government.

This Court should therefore deny Ms. Gibson's request for injunctive relief, in the form of either a temporary restraining order or preliminary injunction.

BRIAN E. FROSH
Attorney General of Maryland

/s/ Daniel M. Kobrin
______________________________

DANIEL M. KOBRIN
Federal Bar No. 30392
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
dkobrin@oag.state.md.us
(410) 576-6472
(410) 576-6955 (facsimile)

November 10, 2022

Attorneys for Appellee