IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LOIS ANN GIBSON, *et al.* | \* |
| Plaintiffs, | \* |
| v. | \* |
| | \*   Case No. 1:22-cv-01642-GLR |
| FREDERICK COUNTY, MD, *et al.* | \* |
| Defendants. | \* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM IN SUPPORT OF DEFENDANT CAROLINE COUNTY, MARYLAND'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

NOW COMES Defendant County Commissioners of Caroline County, Maryland ("Caroline County"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and Local Rule 105, files this Memorandum in Support of its Motion to Dismiss the First Amended Complaint (the "Complaint") with prejudice.

Caroline County adopts, as if more fully set forth herein, the Motions to Dismiss filed by Defendant Maryland State Board of Elections (ECF No. 14), Defendants Calvert and Washington Counties (ECF No. 18), Defendant Montgomery County (ECF No. 21), Defendant Wicomico County (ECF No. 23), Defendant Anne Arundel County (ECF No. 25), Defendant Office of the State Prosecutor (ECF No. 26), Defendant Harford County (ECF No. 29), and Defendant Garrett County (ECF No. 31). For the reasons set forth in these Motions to Dismiss and accompanying Memoranda, this Court should dismiss Plaintiffs' Complaint with prejudice.

## BACKGROUND

This case arises from the First Amended Complaint filed by Plaintiffs in which Plaintiffs, albeit imprecisely, allege a racketeering conspiracy under the Federal Racketeer and Influenced Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO"). Plaintiff's Complaint purports the Center for Tech and Civic Life issued monetary grants to multiple Maryland Counties, Caroline County being among the many, in order to execute fraud within the 2020 United States Presidential Election (the "Election"), as well as allegations of ballot stuffing in mail-in ballot boxes, and technical mishaps with voting machines offered as proof of election tampering.

## STANDARD OF REVIEW

"When a motion under Fed. R. Civ. P. 12 is 'based on more than one ground, the court should consider the Rule 12(b)(1) challenge first since it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined'" *Jeffrey Banks, Ltd. V. Jos. A. Bank Clothiers, Inc.* 619 F. Supp. 998, 1001 n.7. (D. MD. 1985) (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1350, at 548 (1969)). Plaintiffs bear the burden of proof, "where standing is challenged as a factual matter, the plaintiff bears the burden of supporting the allegations necessary for standing with 'competent proof'" *Winkler v. Chicago Sch. Reform Bd. of Trustees*, 2000 U.S. Dist. Lexis 240, 9 (2000) (quoting *Perry v. Village of Arlington Heights*, 186 F.3d 826, 829 (7th Cir. 1999).

Pursuant to Fed. R. Civ. P. 12(b)(6), dismissal is proper if Plaintiffs fail to assert a claim "upon which relief can be granted." For Plaintiffs to defeat a motion to dismiss, their complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . [a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L.Ed.2d 929). While a complaint under Fed. R. Civ. P. 8 does not require detailed allegations of fact, "a plaintiff's obligation to provide the 'grounds" of his "entitlement to relief" requires more than labels and conclusions" to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929.

## LEGAL ANALYSIS

i. **Plaintiffs Lack Standing.**

Plaintiffs seek injunctive relief under RICO, to which they must assert standing and "demonstrate that: (1) he personally has suffered some actual or threatened injury as a result of the defendants' allegedly illegal conduct; (2) the injury is fairly traceable to the challenged action; and (3) the injury is likely to be redressed by favorable decision." *Winkler v. Chicago Sch. Reform Bd. of Trustees*, 2000 U.S. Dist. LEXIS 240, 10 (2000) (citing *Perry v. Village of Arlington Heights*, 186 F.3d 826, 829 (7th Cir. 1999). Plaintiffs have failed to assert any actual or threatened injury at the hands of the County, have failed to trace any alleged injury to the County, and similarly have failed to prove that such injury would be redressed favorably in this Court. Plaintiffs' Complaint is a generalized action against multiple Maryland Counties without any real claims to specific injuries. Rather, Plaintiffs' Complaint makes vague statements such as "harms which threatens the survivability of our great nation," and "this case is about the impact on our nation of the on-going systemic failures of election integrity from a number of related hidden unlawful sources by co-conspirators" among others. Plaintiffs' Comp. at 7; 14 ¶ 16. Within the Complaint, there is no specific injury stated, and no specific statements that the County caused such injury. This Complaint is suitable for dismissal with prejudice pursuant to Fed. R. Civ. P. 12(b)(1).

ii.   **Plaintiffs Failed to State a Claim Upon Which Relief Can be Granted.**

Plaintiffs have failed to allege specific conduct in which a RICO violation has occurred. The United States Supreme Court in *Sedima v. Imrex Co.* sets forth the elements in which a Plaintiff must prove "racketeering activity," comprising of "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." 473 U.S. 479, 496 (1985). Plaintiff has failed to describe any injuries or proof that fall under such elements required for a RICO violation, but rather, makes accusations alleging the stuffing of mail-in ballot boxes, listing Maryland Counties and individuals who allegedly received grant funding from the Center for Tech and Civic Life, and providing affidavits of those who offer election machine malfunctions as proof of tampering with the Election. Plaintiffs have not shown a pattern of racketeering activity, nor have they stated specific conduct that the County committed a RICO violation.

*Furthermore, this Court has previously held that a local government cannot be liable under RICO*. *Levy v. City of New Carrollton*, 2009 U.S. Dist. LEXIS 127062, *46 (D. Md. Mar. 17, 2009), *aff'd*, 462 F. Appx. 329 (4th Cir. 2012), (*citing Brubaker v. City of Richmond*, 943 F.2d 1363, 1370 (4th Cir. 1991)) (**"a government entity is incapable of forming the requisite…criminal intent necessary for liability under RICO"**)(emphasis added).  Plaintiffs therefore cannot state a RICO claim against Caroline County and Plaintiffs' Complaint should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6).

iii.   **Caroline County is Not a Proper Party.**

Caroline County is a code home rule county governed by the Board of County Commissioners.  Md. Code § 9-301, *et seq*., Local Government Article ("LG").  The County plays no role in the State or local Board of Elections, and thus, is not a proper defendant in this immediate

action. Furthermore, as previously stated, Plaintiffs fail to allege any specific wrongdoing on the part of Caroline County. Therefore, Plaintiffs' Complaint should be dismissed with prejudice.

### iv. Plaintiffs Failed to Properly Serve Caroline County.

Fed. R. Civ. P. 4(m) states that if "a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant." Plaintiffs' Complaint was filed on July 5, 2022, but Defendant was not served until October 31, 2022, a total of 118 days between filing and service. Thus, this action must be dismissed as Plaintiffs failed to properly serve the County.

WHEREFORE, Defendant Caroline County, Maryland, respectfully requests this Honorable Court dismiss all claims set forth by Plaintiffs, with prejudice, and that this Court grant any further relief as this Court may deem necessary.

Respectfully submitted this 21st day of November 2022.

_____/s/_____
Andrew C. Meehan, Esq.
Federal Bar No. 26615
ameehan@mlg-lawyers.com
Patrick W. Thomas, Esq.
Federal Bar No. 16578
pthomas@mlg-lawyers.com
MacLeod Law Group, LLC
110 N. Cross St.
Chestertown, Maryland 21620
(410) 810-1381: telephone
(410) 810-1383: facsimile
*Attorneys for Defendant Caroline County, Maryland*

### CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November 2022, a copy of the foregoing was served through the CM/ECF system upon all counsel and parties so entitled.

_____/s/_____
Andrew C. Meehan