IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| LOIS ANN GIBSON, *et al.*, | * |
| Plaintiffs, | * |
| v. | * Civil Case No.: SAG-22-1642 |
| FREDERICK COUNTY, MARYLAND, *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

Plaintiffs Lois Ann Gibson, Maryland 20-20 Watch, Charlton Scientific Educational and Engineering Foundation Inc., and others[1] (collectively "Plaintiffs") filed this lawsuit against a variety of defendants, primarily the Maryland Board of Elections, various Maryland counties (collectively, "Maryland Counties"), and the Center for Tech and Civic Life ("CTCL"), a Chicago-based non-partisan non-profit that provided grants to local governments in the 2020 election for the purpose of operationalizing safe and secure election administration. ECF 1 at 1–3; ECF 1-4 at 1. In their Amended Complaint, Plaintiffs principally alleged that the Maryland Counties accepted the CTCL funding with the agreement that they would use the funding to pay individuals to fraudulently place ballots in ballot boxes for the purpose of influencing the 2020 general election in favor of Democratic candidates. ECF 9 at 5.

---

[1] Other named plaintiffs include "A Committee of Injured Citizens/Voters for Themselves and All Others Similarly Situated," "Any, Presently Unknown State Agency which was Duped by the Multiple Frauds Alleged Herein," and "All Others Similarly Situated Injured Persons." ECF 1.

On December 16, 2022, this Court granted Defendants' motions to dismiss on the basis that Plaintiffs lacked standing. *See* ECF 72, 73. On January 13, 2023, Plaintiffs filed a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. ECF 74. Multiple Defendants have filed responses in opposition to Plaintiffs' motion.[2] Plaintiffs replied. ECF 93. For the reasons explained below, Plaintiffs' motion to amend judgment will be DENIED.[3]

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) authorizes a district court to alter, amend, or vacate a prior judgment. *See* FED. R. CIV. P. 59(e). There are three limited grounds for granting a motion for reconsideration pursuant to Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence; or (3) to correct a clear error of law or prevent a manifest injustice. *See U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002). However, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted). "[M]ere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). "[G]ranting a motion for reconsideration is an extraordinary remedy, which

---

[2] *See* ECF 77 (Maryland Board of Elections); ECF 79 (Anne Arundel County); ECF 81 (Maryland State Prosecutor); ECF 82 (Calvert, Washington, Carroll & Kent Counties); ECF 83 (Harford County); ECF 84 (Baltimore County); ECF 85 (Caroline, Dorchester & Talbot Counties); ECF 86 (Wicomico County); ECF 87 (Montgomery County); ECF 88 (Garrett County); ECF 89 (Howard County); ECF 92 (Prince George's County).

[3] While Plaintiffs' motion to amend judgment was pending, Plaintiffs filed three motions, ECF 94, 96, 98, and one letter to the Court, ECF 100. As explained by this Court in an Error Order, ECF 99, Plaintiffs could not file motions while the case remained administratively closed. Even if Plaintiffs could file these motions in a closed case, this Court would not have had jurisdiction to rule on the motions given that Plaintiffs lack standing for the reasons explained below.

should be used sparingly." *Sullivan v. Washington Metro. Area Transit Auth.*, No. 19-00300, 2020 WL 5500185, at *2 (D. Md. Sept. 11, 2020); *see also Pacific Ins. Co.*, 148 F.3d at 403. "Clear error or manifest injustice occurs where a court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension[.]'" *Wagner v. Warden*, No. 14-791, 2016 WL 1169937, at *3 (D. Md. Mar. 24, 2016) (quoting *King v. McFadden*, No. 14-91, 2015 WL 4937292, at *2 (D.S.C. Aug. 18, 2015)).

## II. DISCUSSION

This Court previously dismissed Plaintiffs' claims because they failed to allege any concrete, particularized harm from the alleged RICO election conspiracy and therefore lacked standing to sue. ECF 72 at 10. Plaintiffs asserted the CTCL grants harmed them because they helped to elect political candidates that Plaintiffs opposed, however, Plaintiffs did not allege that they supported a particular candidate or even that they voted in any past election. *Id.* This Court explained that "[m]erely alleging that the grants may influence the election result and lead to possible disenfranchisement is not an injury-in-fact." *Texas Voters All. v. Dallas Cnty.*, 495 F. Supp. 3d 441, 452 (E.D. Tex. 2020); *see also Minnesota Voters All. v. City of Minneapolis*, No. CV 20-2049, 2020 WL 6119937, at *7 (D. Minn. Oct. 16, 2020) (concluding plaintiffs lack standing when they merely assert that the urban-biased distribution of the CTCL grants favored a particular demographic group); *Pennsylvania Voters All. v. Ctr. Cnty.*, 496 F. Supp. 3d 861, 869 (M.D. Pa. 2020), appeal dismissed *sub nom. Pennsylvania Voters All. v. Cnty. of Ctr.*, No. CV 20-3175, 2020 WL 9260183 (3d Cir. Nov. 23, 2020), and cert. denied *sub nom. Pennsylvania Voters All. v. Ctr. Cnty., Pennsylvania*, 141 S. Ct. 1126 (2021) (same); *Election Integrity Fund v. City of Lansing*, No. 1:20-CV-950, 2020 WL 6605987, at *2 (W.D. Mich. Oct. 19, 2020) (same).

Plaintiffs devote nearly the entirety of their present motion to explaining the "new material and relevant evidence" they assert was not previously available. ECF 74 at 2. However, this new evidence does not remedy their jurisdictional defect. Even assuming without deciding that this evidence was not previously available, Plaintiffs again fail to allege a particularized harm sufficient to confer Article III standing. Plaintiffs assert that "all Americans as victims of . . . the unlawful conspiracy resulting in a RICO Enterprise" have standing to sue. ECF 74 at 2. They argue that Plaintiffs' "voting rights were falsely ripped from them, altered by machines controlled by dark money, laundered by intentional false statements and thousands of transactions of cheating recorded and falsely tabulated in on-line machines." *Id.* at 3. However, as this Court previously explained, there must be a particularized harm suffered by Plaintiffs, specific and individualized to them and not "all Americans."[4] *See* ECF 72 at 9. "[A]n asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court." *Whitmore v. Arkansas*, 495 U.S. 149, 160 (1990) (quoting *Allen v. Wright*, 468 U.S. 737, 754 (1984)); *see also United States v. Hays,* 515 U.S. 737, 743 (1995) ("[W]e have repeatedly refused to recognize a generalized grievance against allegedly illegal governmental conduct as sufficient for standing to invoke the federal judicial power."). Plaintiffs do not assert that this

---

[4] In their Reply, Plaintiffs point to 18 U.S.C. § 1984, which provides a cause of action for "[a]ny person injured . . . by reason of a violation of section 1962." ECF 93 at 3. This statutory provision, however, does not (and cannot) subvert the Article III standing injury-in-fact requirement. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 577 (1992) (noting that Congress cannot "convert the undifferentiated public interest in executive officers' compliance with the law into an 'individual right' vindicable in the courts"); *see also Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016), *as revised* (May 24, 2016) ("Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.").

alleged RICO conspiracy affects them more than any other American, thus, they have no concrete injury-in-fact and lack standing to sue.

## III.  CONCLUSION

For the reasons stated above, Plaintiffs' motion to amend judgment, ECF 74, is DENIED. A separate Order follows.

Dated: March 29, 2023                                    /s/
                                                Stephanie A. Gallagher
                                                United States District Judge